PER CURIAM.
Timothy Linhart appeals the denial of his post-conviction motion in which he claimed that he had not received credit against his prison sentence for all the time he had served in jail. His motion attached documents supporting his claim for additional credit. The trial court summarily denied his motion without requiring a response from the state, without attaching any excerpts from the record to refute his claim, and without providing any explanation. On appeal, the state agrees that Linhart’s motion was legally sufficient, and *474 should not have been denied without either the attachment of record excerpts disproving the claim, or an evidentiary hearing to resolve the issue of his entitlement to additional credit.
Florida Rule of Criminal Procedure 3.850(d) sets forth the procedure to be followed when a trial court receives a facially sufficient motion for post-conviction relief. That section provides in part:
Unless the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief, the court shall order the state attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.
After receiving the response, the trial court decides whether an evidentiary hearing is necessary. If a hearing is not required, the trial court is to dispose of the motion by either granting relief or by entering an order that denies the motion and attaches those portions of the record that show conclusively that the movant is entitled to no relief.
We agree with the state that Linhart s motion was facially sufficient. We, therefore, reverse the summary denial and remand for further proceedings under rule 3.850(d). If the trial court again denies relief, it must either hold an evidentiary hearing or attach to its order those portions of the record that conclusively refute Linhart’s allegations.
REVERSED AND REMANDED.
STONE, KLEIN, and GROSS, JJ., concur.